**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No.:**

    JENNIFER M. WEISS

        Plaintiff,

vs.

    BANNER HEALTH

        Defendant.

**COMPLAINT**

COMES NOW the Plaintiff, Jennifer M. Weiss, by and through undersigned counsel, Thomas A. Bulger, Esq., and Steven Silvern, Esq., of Silvern & Bulger, P.C., and respectfully submits this Complaint against the above-named Defendant.

**INTRODUCTION**

This is a dispute over medical benefits under the Employee Retirement Income Security Act ("ERISA"). The gravamen of this action is that the Defendant ERISA Plan Administrator ignored its own consultant physician's opinion that the disputed medical treatment recommended for its insured is NOT experimental and is medically necessary and appropriate.

Moreover, in its letter denying Plaintiff's internal appeal of its baseless denial, Defendant falsely represented that it relied on its physician consultant when in fact that doctor <u>explicitly supported Plaintiff's appeal</u>, noting that this procedure has been used successfully for many years.

The Plan Administrator (and self-insurer) wrongfully denied benefits and breached its fiduciary obligations to Plaintiff under the ERISA Plan by arbitrarily and capriciously denying pre-authorization, misleading the Plaintiff, and maintaining its coverage denial even after the Plaintiff self-funded the treatment and it was successful.  Plaintiff seeks the disputed benefits, any and all statutory penalties available under ERISA, attorney fees, costs and injunctive relief.

## PARTIES

1. Plaintiff, Jennifer M. Weiss, is a natural person and citizen of the State of Colorado, with a current address of P.O. Box 116, Atwood, Colorado 80722.

2. Defendant, Banner Health ("Defendant Banner"), is a not-for-profit corporation and/or similar business entity which regularly conduct business in the State of Colorado. Defendant is the Administrator and/or Insurer of the employee benefit at issue, and maintains an office in Phoenix, Arizona.  The Defendant's registered agent for service of process is Mary McCabe, 1801 – 16th Street, Greeley, Colorado 80631.

## JURISDICTION AND VENUE

3. At all pertinent times, Defendant sponsored, administered, funded and/or insured an employee benefit plan which provides health insurance benefits to employees of Banner Health.  The Plan is subject to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101, *et seq.*, ("ERISA").  The Plan has delegated to Defendant Banner its obligation to make all benefit decisions at issue in this claim.

4. At all pertinent times, Plaintiff was a full-time employee of Banner Health and was a "participant" in or "beneficiary" of the Plan within the meaning of ERISA.

5.      Thus, and at all pertinent times, and by virtue of said employment, Plaintiff was covered by the provisions of the Plan, including health insurance benefits subject to the terms and conditions of the Plan.

## JURISDICTION AND VENUE

6.      This matter is authorized and instituted pursuant to 28 U.S.C. §1331, to address violations of Plaintiff's rights protected by Federal law, including her rights under ERISA and the subject ERISA Plan/policy.

7.      Pursuant to 28 U.S.C. §1391, and/or Federal law, venue is proper in this Court wherein Plaintiff resides, and wherein Defendant regularly conducts business and wherein (at least part) of the wrongful conduct alleged herein occurred.

## STATEMENT OF THE FACTS

8.      At all pertinent times, Plaintiff was employed by Banner Health as a "Registered Nurse."

9.      As an active and full time employee, Plaintiff was eligible to, and did, participate in Defendant's employee benefit plan (including health insurance benefits).

10.     Plaintiff's treating orthopedic surgeon requested that Defendant pre-authorize an Autologous Chondrocyte Implantation with Carticel ("ACI") on Plaintiff's knee.

11.     On or about August 11, 2014, Defendant denied the request, stating the procedure was unnecessary and experimental.

12.     On or about November 5, 2014, Plaintiff timely appealed that denial. Defendant received a report from James S. Kort, M.D., a qualified physician whom Defendant retained to review Plaintiff's case.  Dr. Kort concluded:

> In conclusion it is my opinion that the proposed procedure is reasonable and appropriate from a purely orthopedic point of view. I do not categorize it as experimental…I therefore believe the appeal is reasonable and appropriate and from an orthopedic point of view would approve the procedure.

13. On or about November 13, 2014 Defendant nevertheless wrote Plaintiff and stated in pertinent part:

> **Denial Benefit Determination:** The Banner Plan Administration Appeals & Grievance Committee carefully considered all of the information submitted, along with application of the Plan provisions. <u>Your appeal was reviewed by a medical doctor who was not involved in the initial review of this request. The medical doctor has knowledge of, and relevant experience with the procedure that has been appealed. Based on this review</u> and review by the Appeals 7 Grievance committee, Banner Plan Administration is **upholding** the original benefit determination and is denying your request for coverage of Autologous Chondrocyte Implantation with Carticel. (Underlined emphasis added.)

14. Defendant falsely represented to Plaintiff that it based its decision to deny this claim on its medical doctor's review. Defendant fraudulently concealed the fact that its physician reviewer had actually (and explicitly) <u>supported</u> Plaintiff's appeal. In the ERISA context, it is *prima facie* evidence of the arbitrary and capricious nature of Defendant's claim denial.

15. Defendant further misled Plaintiff as to its procedures. The Plan required Defendant to advise Plaintiff of certain deadlines, including of the deadline to file suit, in the denial letter. The November 13, 2014 notice of decision failed to explain her right to bring a civil action…under [ERISA] "within one year of receipt of the denial."

16. Plaintiff paid for the ACI procedure herself rather than become disabled from her profession (Registered Nurse).

17. The ACI was successful and Plaintiff subsequently returned to full-time work (for Defendant) as a Registered Nurse. Thereafter, Defendant reconsidered its denial of Plaintiff's claim.

4

18.     Defendant only paid the anesthesiologist, Greater Colorado Anesthesia, P.C. (GCA).  It did not pay the surgeon or any other bill arising from the ACI.  However, on January 28, 2016, the Defendant wrote GCA demanding it refund the $2,031.00 paid to the anesthesiologist.  On February 15, 2016, Defendant represented, in a phone conversation with GCA, that the ACI procedure is experimental.

19.     On October 7, 2016, Defendant wrote Plaintiff that it had finally decided to deny coverage regarding the ACI procedure.

20.     Defendant's denial of coverage is against the weight of medical evidence, in that the procedure was <u>not</u> experimental and was orthopedically necessary and appropriate.

21.     Defendant's determination was otherwise erroneous, and/or arbitrary and capricious in that Defendant failed to consider that all pertinent medical and/or other evidence indicated that Plaintiff was entitled to coverage of the ACI procedure.

22.     Defendant has unreasonably refused to pay health benefits to Plaintiff, despite additional documents and other evidence submitted by Plaintiff, subsequent to Defendant's initial denial of benefits.

23.     Plaintiff has exhausted all Administrative Appeals provided by the Plan, and this action is timely filed.

**<u>CLAIM FOR RELIEF:
VIOLATION OF ERISA, WRONGFUL DENIAL OF BENEFITS
PLAINTIFF V. DEFENDANT</u>**

24.     At all pertinent times, Plaintiff was covered by the Plan, which included coverage for disability benefits, as set forth above.

25. At all pertinent times, Defendant was the sponsor of the Plan, a claim fiduciary, and/or administrator of the Plan, and/or claim administrator, within the meaning of ERISA.

26. Defendant was otherwise delegated the authority to administer claims for disability benefits by the Plan.

27. At all pertinent times, Plaintiff met the criteria for health benefits under the Plan including that she required the ACI procedure, and provided reasonable documentation (medical and otherwise) of that fact, and Defendant's own orthopedic consultant opined that the ACI was medically necessary, reasonable and appropriate.

28. Defendant has improperly, erroneously, arbitrarily and/or capriciously denied Plaintiff benefits due and owing under the Plan.

29. Defendant's wrongful conduct includes, but is not limited to:

   A. Failing to consider all pertinent medical information, including but not limited to the opinions of Plaintiff's treating physicians and/or healthcare providers and its own, qualified, consultant physician;

   B. Failing to provide an adequate review and appeal;

   C. Failing to act in Plaintiff's best interests;

   D. Failing to consider credible evidence of medical necessity;

   E. Failing to consider Plaintiff's prior medical history;

   F. Failing to reasonably interpret and apply the terms of the Plan; and

   G. Failing to conduct a reasonable investigation.

30. As a matter of law, Defendant has an inherent conflict of interest in this matter as claims administrator and guarantor.

31. Defendant's wrongful conduct has caused injuries and damages to the Plaintiff, including expenses for necessary and appropriate treatment.

## **DAMAGES**

32. The Defendant's above-alleged wrongful conduct caused injuries and damages to the Plaintiff, including but not limited to: Past and future economic damages, including but not limited to loss of health insurance benefits and related expenses. Plaintiff has also incurred attorney's fees and costs as a result of Defendant's conduct.

WHEREFORE, Plaintiff requests judgment and damages against Defendant Banner and/or the Plan as follows:

    A. A declaratory judgment that Defendant has violated Plaintiff's rights under ERISA;

    B. An injunction and/or other appropriate equitable other relief as permitted by ERISA, including but not limited to §502(a)(1)(b) ordering Defendant to make Plaintiff whole and/or to return her to the position Plaintiff would have obtained in the absence of Defendant's wrongful conduct, including payment of all bills otherwise covered by the policy; to review its files to identify and notify all other Plan members who failed to receive the notice required by the Plan; and/or to require Defendant to re-train its employees in these procedures.

    C. Retroactive reinstatement of health insurance benefits and payment of all back due benefits pursuant to ERISA §502(a)(1)(b).

D. Reasonable attorneys' fees and costs, including but not limited to witness fees, as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(a) and/or other applicable case law;

E. Interest on any awards at the highest rate allowed by law as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(1);

F. Such other and further relief as this Court deems just and appropriate; and

G. Any and all penalties authorized by ERISA, including but not limited to for Defendant's failure to produce documents required by law.

DATED this 17th day of February, 2017.

                        Respectfully submitted,

                        SILVERN   & BULGER, P.C.

                        *s/Thomas A. Bulger, Esq.*_____
                        Thomas A. Bulger, Esq.
                        Counsel for Plaintiff
                        4800 Wadsworth Boulevard, Suite 307
                        Wheat Ridge, Colorado   80033
                        (303) 292-0044
                        Facsimile (303) 292-1466
                        Email: counsel@silvernbulger.com

<u>Plaintiff's Address</u>:
P.O. Box 116
Atwood, Colorado  80722