# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-00443-DDD-NYW

JENNIFER M. WEISS,

Plaintiff,

v.

BANNER HEALTH,

Defendant.

## MOTION FOR ATTORNEYS' FEES

Defendant Banner Health, through its attorneys, Franz Hardy and Christine Kroupa of Gordon & Rees LLP, submits this Motion for Attorneys' Fees pursuant to 29 U.S.C. § 1132(g).

### CERTIFICATE OF CONFERRAL

Pursuant to D.C.Colo.L.Civ.R 7.1(a), counsel for Banner Health has conferred with plaintiff's counsel regarding this Motion for Attorneys' Fees. Plaintiff objects to the relief requested herein.

### INTRODUCTION

This lawsuit involves a dispute over healthcare benefits pursuant to an employee welfare benefits plan subject to the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq*. ("ERISA"). Plaintiff, a participant in the plan, alleged that Banner Health improperly denied her pre-determination claim for knee surgery involving Autologous Chondrocyte Implantation. On September 19, 2019, after the parties completed briefing on the merits, this Court issued an Order upholding Banner Health's decision and, accordingly, entering Final Judgment in its favor.

Based upon the circumstances of this lawsuit, Banner Health seeks recovery of its attorneys' fees. The Complaint made serious accusations of wrongdoing against Banner Health, including that it "fraudulently concealed" information and "misled plaintiff" during the administrative process. This Court did not find any substantiation to these allegations. Also, throughout the lawsuit, Banner Health repeatedly sought basic information from plaintiff regarding her alleged damages associated with the surgery, which she unreasonably delayed in providing. Finally, Banner Health made several attempts to engage in settlement discussions and alternative dispute resolution, which plaintiff refused to participate in.

Banner Health has incurred $52,615.50 in attorney's fees. The five factors considered for such a request under 29 U.S.C. § 1132(g) weigh in favor of an award for Banner Health. Plaintiff made several unproven allegations of fraudulent conduct against Banner Health that it had to defend itself against. She is a registered nurse, who has the ability to pay for the attorneys' fees requested. Such an award would deter others from making similar unsubstantiated allegations. An award benefits Banner Health by allowing it to recoup those attorneys' fees it has incurred to date.[1] Finally, Banner Health has set forth a meritorious position, which this Court recently upheld. For these reasons, this Court should award attorneys' fees in its favor.[2]

FACTUAL BACKGROUND

On February 17, 2017, plaintiff filed her Complaint against Banner Health alleging that it wrongfully denied her claim for benefits under ERISA. (Doc. 1). Beyond alleging that Banner Health had improperly denied her claim, she asserted that it had made false representations,

---

[1] While Banner Health has insurance for defense attorneys' fees, it has had to pay all fees to date given its self-insured retention amount.
[2] Banner Health has not submitted a Bill of Costs as it did not incur any recoverable costs.

fraudulently concealed, and misled her throughout the administrative process. *Id*. at pp. 1, 2; ¶¶ 14-15.  More specially, plaintiff asserted that, "defendant falsely represented to plaintiffs that it based its decision to deny this claim on its medical doctor's review.  Defendant fraudulently concealed the fact that its physician reviewer had actually (and explicitly) supported plaintiff's appeal . . .  Defendant further misled plaintiff as to its procedures." *Id*. at ¶¶ 14-15.

Banner Health filed a Motion to Dismiss based upon the time limitations period and exclusive venue provision set forth in the plan documents. (Doc. 14).  This Court denied the Motion to Dismiss, in part, based upon agreeing with the minority position and a dissenting opinion as to the exclusive venue issue. (Doc. 35, p. 12) ("Although in the minority, I find persuasive the dissenting opinion in *Smith* and the cases that have held that a venue provision in an ERISA plan such as the one relied on by Defendant is not enforceable.") (citations omitted).

Based upon this ruling, the parties proceeded with the lawsuit.  Plaintiff sought the following damages: reimbursement of medical expenses, which she estimated at $50,000.00 to $100,000.00; interest between $2,000.00 to $4,000.00; and attorney's fees and costs, which she estimated at $30,000.00 to $50,000.00 "through the final resolution for this matter." (Doc. 41, p. 5).  Besides these damages, as set forth in her Initial Disclosures, plaintiff also sought recovery for: "because of the delay in surgery, plaintiff was forced to remain on long-term disability an additional 6 months (at a loss of 40% of her base pay); plaintiff was forced to take loans from her 401k, and incurred early withdrawal costs/penalties.  Additional information to be provided." (Initial Disclosures, attached as <u>Exhibit A</u>) (emphasis supplied).[3]  Attached to the Initial

---

[3] As part of these expenses, plaintiff sought various items that were not covered under the plan, even if coverage was somehow afforded, such as mileage reimbursements, highway tolls, massages, gym membership expenses, and recreation center costs.

Disclosures, plaintiff provided a spreadsheet of various categories of costs for the surgery, medical expenses, and loans. *Id*.

Correspondingly, Banner Health requested any purportedly supporting documentation as it understood that she had proceeded with the surgery although not covered under the plan. (January 9, 2018 email, attached as Exhibit B). Despite providing the itemization in the Initial Disclosures, plaintiff would not provide the documentation as demonstrated by numerous follow up emails between February 7, 2018 and March 23, 2018. (March 23, 2018 email chain, attached as Exhibit C). This led to Banner Health seeking two extensions of time from this Court to submit the administrative record. (Doc. 42, 44) ("Undersigned counsel is finalizing the Administrative Record and attempting to coordinate with plaintiff's counsel regarding documentation supporting plaintiff's claimed denied benefits. Such coordination is necessary for Banner Health to attempt to locate Explanation of Benefits (or other information) related to the claimed expenses, if any, as plaintiff proceeded to obtain the treatment at issue."). Eventually, plaintiff provided this information, but Banner Health had to again repeatedly follow up asking for an invoice related to the surgery at issue as demonstrated by several emails between March 27, 2018 and April 25, 2018. (April 25, 2018 email chain, attached as Exhibit D).

After finally receiving the longtime requested documentation, Banner Health also sought to engage in alternative dispute resolution. (May 11, 2018 email chain, attached as Exhibit E). It made this request prior to the parties having to prepare briefs on the merits. *Id*. *compare with* Scheduling Order (Doc. 41, p. 7). Plaintiff refused to participate. *Id*. After the parties completed briefing, Banner Health again followed up with plaintiff regarding potential settlement options or alternative dispute resolution. (Billing Record (entries for September 11 and 13, 2018), attached as Exhibit F). Plaintiff refused to participate. *Id*. Approximately one year later, this Court issued

its Order upholding Banner Health's decision during the administrative appeal and entering Final Judgment in its favor. (Doc. 59, 60).

## LEGAL ANALYSIS

### A.   Banner Health is Entitled to an Award of its Attorneys' Fees.

29 U.S.C. § 1132(g)(1) provides the court with discretion to award "reasonable attorney's fees and costs of action to *either party*". (Emphasis added).  "A court may award fees and costs under 29 U.S.C. § 1132(g)(1) as long as the fee claimant has achieved 'some degree of success on the merits.'" *Cardoza v. United of Omaha Life Ins. Co.*, 708 F.3d 1196, 1207 (10th Cir. 2013) (citing *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 243 (2010)).  A court generally weighs the following factors in determining whether to exercise its discretion to award attorney's fees and costs under 29 U.S.C. § 1132(g)(1):

> (1) the degree of the opposing parties' culpability or bad faith;  (2) the ability of the opposing party to personally satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Van Steen v. Life Ins. Co. of N. Am.,* 878 F.3d 994, 1000 (10th Cir. 2018).  "Courts need not consider each factor, but no single factor should be held dispositive." *Id.*

An award of attorney's fees is available to defendants in ERISA actions. *See Moore v. Lafayette Life Ins. Co.,* 458 F.3d 416, 445-46 (6th Cir. 2006) (affirming attorney's fee award to defendant); *Honolulu Joint Apprenticeship & Training Comm. of United Ass'n Local Union No. 675 v. Foster*, 332 F.3d 1234, 1239 (9th Cir. 2003) (an award of attorney's fees is available to prevailing plans and is "not limited to participants and beneficiaries"); *Foley v. Bethlehem Steel Corp.*, 30 F. Supp. 2d 366, 368 (W.D.N.Y. 1998) (awarding attorney's fees against plaintiff). "The

statute is clear on its face - the playing field is level." *Estate of Shockley v. Alyeska Pipeline Serv. Co.*, 130 F.3d 403, 408 (9th Cir. 1997).

As applied to this case, these five factors support Banner Health's request for an award of attorneys' fees. First, the Complaint did not merely allege that Banner Health wrongfully denied plaintiff's claim for benefits under ERISA, but made serious accusations of fraudulent and intentional misconduct. Plaintiff asserted that Banner Health made false representations to her (Doc. 1, p. 1); misled her (p. 2); "falsely represented to plaintiff" (¶ 14); and "fraudulently concealed" information (¶ 14). Banner Health took these allegations seriously and had to address why they were untrue – beyond the basis for its denial of her claim. Also, during this lawsuit, Banner Health repeatedly sought basic information about plaintiff's claimed damages. It sent numerous emails seeking information subject to Fed. R. Civ. P. 26(a)(1)(A)(iii). As demonstrated in these communications, plaintiff substantially delayed in providing this basic information, which resulted in delays in the procedure of the case, extensions of time, and Banner Health incurring additional attorneys' fees.

Second, plaintiff is a registered nurse with the ability to satisfy an award of attorneys' fees. In fact, she paid out of pocket for the surgery at issue. Third, an award of attorneys' fees would deter others from making similar unsubstantiated allegations of fraudulent conduct or in delaying in providing basic information during the lawsuit. Banner Health sought this information to ensure that the administrative record was complete and to understand her claimed damages associated with the surgery that it understood that she had proceeded to undergo. Of note, she provided her damage calculations as part of her Initial Disclosures, yet it took a substantial period of time thereafter to obtain the information that purportedly supported these figures. Banner Health also

obtained this information to evaluate possible settlement options, including through mediation, which plaintiff refused to participate in both before and after briefing on the merits.

Fourth, an award of attorneys' fees would benefit Banner Health – the named defendant – as it has had to pay for such fees incurred to date. Having to incur this expense has been to its detriment. To recoup this expense would inure to its direct benefit. While Banner Health has insurance to address defense attorneys' fees, it has directly paid the attorneys' fees incurred to date due to its self-insured retention amount. Finally, Banner Health had a meritorious position as demonstrated by this Court's Order. Essentially, Banner Health asserted that its decisions throughout the administrative process were supported by the terms of the plan. This Court agreed and determined that Banner Health had properly exercised its discretion under the plan.

**B.     Banner Health's Incurred Attorneys' Fees are Reasonable.**

To fix a reasonable fee award, a court must begin by calculating the "lodestar amount." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In determining the number of hours to award, "...the district court must determine not just the actual hours expended by counsel but which of those hours were reasonably expended in litigation." *Id*. The "reasonableness" of the hours claimed turn on several factors including: (1) the number of hours which would be properly billed to a client using "good billing judgment;" (2) the time allocated to a specific task; (3) the duplication of efforts; and (4) whether billing entries are sufficiently detailed in showing how much time is allocated to a given task. *See Malloy v. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir. 1996). A reasonable hourly rate is the prevailing market rate in the relevant community. *Id*.

Banner Health seeks recovery of $52,615.50 in attorneys' fees related to its defense of this lawsuit. A review of this Court's docket along with the above "Factual Background" section with corresponding exhibits demonstrates the activity associated with this lawsuit over the course of more than two and a half years. Notably, plaintiff estimated her own projected attorneys' fees between $30,000.00 and $50,000.00 "through the final resolution of this matter." (Doc. 41, p. 5). The amount requested by Banner Health is supported by the attached redacted billing report. (Billing Report, attached as Exhibit F).[4] The total is based upon three amounts identified therein. First, as established on the first page summary, the attorneys' fees paid to date total $51,523.50. Second, as also set forth on the first page summary, the outstanding balance for attorneys' fees owed is $280.00 ("A/R" is accounts receivable). Third, as further set forth in the first page summary, the attorneys' fees yet to be billed ("WIP" is Work in Progress) are $812.00. These three amounts total $52,615.50. While the first page summary of the report reflects this total based upon the various invoices generated over the course of the legal representation, the following pages contain line item details of each individual entry by date, timekeeper, the amount of time spent, and a description of work performed.

In support of this amount and in accordance with D.C.Colo.L.Civ.R. 54.3, the Affidavit of Franz Hardy is also attached as evidence of the reasonableness of the attorneys' fees sought. (*See* Affidavit of Franz Hardy, attached as Exhibit G). Mr. Hardy has served as lead counsel throughout this lawsuit. Further attached are the relevant qualifications and experience for the attorneys for whom attorneys' fees are sought. (*See* Attorney Biographies, attached as Exhibit H). As

---

[4] This report is redacted consistent with the attorney-client privilege and work product doctrine. By providing this report, Banner Health and Gordon & Rees LLP do not waive these privileges or any confidentiality as to this information.

established herein and in the attached documents, the attorneys' fees requested in this lawsuit are reasonable and necessary.

## CONCLUSION

For these reasons, Banner Health requests that this Court grant this Motion for Attorneys' Fees, award attorneys' fees in its favor and against plaintiff in the amount of $52,615.50, and provide for such additional relief as it deems appropriate.

DATED this the 3rd day of October, 2019.

                                                     Respectfully submitted,

                                                    /s/ Franz Hardy
                                                    Franz Hardy, Esq.
                                                    Christine Kroupa, Esq.
                                                    GORDON & REES LLP
                                                    555 Seventeenth Street, Suite 3400
                                                    Denver, Colorado 80202
                                                    Telephone: (303) 534-5160
                                                    fhardy@gordonrees.com
                                                    ckroupa@gordonrees.com
                                                    *Attorneys for Defendant Banner Health*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel referenced below on this the 3rd day of October, 2019.

Thomas A. Bulger, Esq.
SILVERN & BULGER, P.C.
4800 Wadsworth Boulevard, Suite 307
Wheat Ridge, Colorado 80033

/s/ Franz Hardy
Franz Hardy, Esq.
Christine Kroupa, Esq.
GORDON & REES LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
fhardy@gordonrees.com
ckroupa@gordonrees.com
*Attorneys for Defendant Banner Health*