# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO
## Judge Daniel D. Domenico

Case No. 17-cv-00443-DDD-NYW

JENNIFER M. WEISS,

    Plaintiff,

v.

BANNER HEALTH,

    Defendant.

## ORDER

This matter is before the Court on review of the Motion for Attorney Fees (doc. 61) filed by Defendant Banner Health ("Banner"). Banner prevailed on Plaintiff Jennifer M. Weiss' claim for wrongful denial of benefits under the Employee Retirement Income Security Act ("ERISA"), and Banner now seeks to recover fees in excess of $50,000 against Ms. Weiss pursuant to a provision of ERISA that allows the court in its discretion to award fees and costs to either party. *See* 29 U.S.C. § 1132(g). For the reasons set forth below, Banner's motion is DENIED.

### BACKGROUND

This case arises from Banner's denial of authorization of a particular type of knee surgery that Ms. Weiss contended was covered by Banner's Master Health and Welfare Benefit Plan ("the Plan"). Her request for authorization was denied by the Plan, denied again on appeal, and a third time after an external review. After the external reviewer upheld the denial of Ms. Weiss' request, she filed this lawsuit.

Banner initially filed a Motion to Dismiss (doc. 14), in which it asserted that the claim should be dismissed because Ms. Weiss should have filed her claim in the District of Arizona, and because she failed to file her claim within the one-year contractual limitations period provided by the Plan. This Court rejected those arguments in a separate order (doc. 35), and the case proceeded to the merits.

On September 19, 2019, this Court issued its order upholding Banner's decision (doc. 59), and judgment entered in favor of Banner and against Ms. Weiss. (Doc. 60.) Two weeks later, Banner filed the instant motion.

## ANALYSIS

A court may, in its discretion, award fees under 29 U.S.C. § 1132(g)(1) if the movant has achieved "some degree of success on the merits." *Cardoza v. United of Omaha Life Ins. Co.*, 708 F.3d 1196, 1207 (10th Cir. 2013) (citing *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 245 (2010)). In determining whether to award fees under this provision, a court weighs the following factors:

1) the degree of the opposing parties' culpability or bad faith;

2) the ability of the opposing party to personally satisfy an award of attorney fees;

3) Whether an award of attorney fees against the opposing parties would deter others from acting under similar circumstances;

4) Whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA;

5) The relative merits of the parties' positions.

*Van Steen v. Life Ins. Co. of N. Am.*, 878 F.3d 994, 1000 (10th Cir. 2018). "Courts need not consider each factor, but no single factor should be held to be dispositive." *Id.*

The Court holds that these factors, to the extent they are relevant, weigh against an award of attorney fees. First, the record does not reflect that Ms. Weiss acted in bad faith or is culpable. Banner complains that Ms. Weiss "made serious accusations of fraudulent and intentional misconduct." (Doc. 61 at 6.) Yet Banner does not contend that Ms. Weiss made those allegations not believing them to be true, nor even that the allegations were frivolous. *See Cross v. Quality Mgmt. Group*, 491 Fed. Appx. 53, 56 (11th Cir. 2012) (in context of section 1132(g) request for fees, "bad faith" means "the conscious doing of a wrong"); *McGuffey v. Brink's, Inc.*, 594 F. Supp. 2d 553, 556 (E.D. Pa. 2009) ("bad faith . . . connotes an ulterior motive or sinister purpose"). Banner also complains that Ms. Weiss delayed providing certain information. Ms. Weiss, however, provided the information requested without the need for Banner to file a motion, and the emails attached to Banner's motion reflect only that the information was not produced as quickly as Banner's counsel would have preferred.

Second, Banner argues that Ms. Weiss is a registered nurse who has the ability to satisfy an award of attorney fees. In support, Banner asserts Ms. Weiss "paid out of pocket for the surgery at issue." (Doc. 61 at 6.) The fact that Ms. Weiss paid out of pocket, however, suggests she is now *less* able to pay an award of fees—especially given that she paid for the surgery by taking loans from family and her retirement account. (Doc. 61-1, at 6.)

Finally, although Banner ultimately prevailed in this litigation, the Court rejected Banner's motion to dismiss in the first instance. In addition, the Court does not regard Ms. Weiss' litigation position as frivolous. The Court therefore finds that the relative merits of the parties' positions do not weigh in favor of an award of fees to Banner.[1]

## CONCLUSION

For the foregoing reasons, the Court holds that Banner is not entitled to attorney fees pursuant to 29 U.S.C. § 1132(g). Banner's motion (doc. 61) is DENIED.

DATED: November 22, 2019.

BY THE COURT:

Daniel D. Domenico
United States District Judge

---

[1] The remaining factors—whether a fee award would deter others and whether an award would benefit all participants and beneficiaries of the plan—are not relevant in light of the foregoing analysis.

4