FILED
United States Court of Appeals
Tenth Circuit

February 9, 2021

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

JENNIFER M. WEISS,

    Plaintiff - Appellant/Cross - Appellee,

v.

BANNER HEALTH,

    Defendant - Appellee/Cross - Appellant.

Nos. 19-1384 & 19-1418
(D.C. No. 1:17-CV-00443-DDD-NYW)
(D. Colo.)

_____

ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **KELLY**, and **PHILLIPS**, Circuit Judges.
_____

Plaintiff-Appellant Jennifer Weiss appeals from the district court's decision upholding Defendant-Appellee Banner Health's ("Banner") denial of her request for pre-authorization of knee surgery. Weiss v. Banner Health, 416 F. Supp. 3d 1178 (D. Colo. 2019). Banner cross-appeals from the district court's denial of its motion to dismiss the suit as barred under the Health and Welfare Benefit Plan's contractual provision requiring such claims to be filed within a year of Banner's final decision

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

denying coverage. Aplt. App. 20. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## Background

Ms. Weiss worked for Banner as an ICU nurse and was covered by the Banner Health Master Health and Welfare Benefit Plan ("the Plan"). In 2013, Ms. Weiss began experiencing knee pain and sought treatment from an orthopedic surgeon employed by Banner. After initial treatments failed, Ms. Weiss was referred to another orthopedic surgeon to assess the need for Autologous Chondrocyte Implantation (ACI), a surgical alternative to knee replacement. The surgeon requested that Banner preauthorize the ACI procedure for coverage under the Plan.

The Plan excludes from coverage treatments that are "not Medically Necessary" and defines "Medically Necessary" as "medically proven to be effective treatment of the condition." The Plan provides that, in determining whether a treatment is medically proven to be effective, the plan administrator will consider Banner's Summary Plan Description (the "SPD"), the claimant's medical records, and authoritative medical literature, among other things. It also grants Banner sole authority to determine whether a procedure is experimental or investigative based on prevailing medical evidence.

Banner denied the request for preauthorization. In reaching this conclusion, Banner relied on the Milliman Care Guidelines' (MCG) conclusion that evidence regarding the efficacy of ACI in treating the type of injury from which Ms. Weiss

suffered was "insufficient, conflicting, or poor." Ms. Weiss appealed this decision internally. Pursuant to the procedure under the Plan, Banner selected an orthopedic surgeon to review Ms. Weiss's claim. The surgeon concluded that he would approve the procedure based on Ms. Weiss's medical history and a review of relevant medical literature but could not address the contractual issues of Ms. Weiss's claim. Banner issued an Appeal Notice of Denial Determination upholding its original denial and reiterating that the procedure was not covered under the Plan based on the MCG. The notice did not inform Ms. Weiss that any civil action challenging this final internal decision must be filed within one year.

Ms. Weiss next opted to pursue a voluntary external appeal, which was conducted by Medical Review Institute of America (MRI). In a letter dated February 20, 2015, MRI upheld Banner's denial of coverage, concluding that the studies supporting ACI's efficacy did not satisfy the Plan's medical necessity requirement.

On February 17, 2017, Ms. Weiss filed an action challenging Banner's denial of coverage under Section 502(a)(1)(B) of the Employee Retirement Income Security Act (ERISA). Banner moved to dismiss the claim as barred by the Plan's one-year contractual limitations period for civil actions. The district court denied Banner's motion. Banner's failure to inform Ms. Weiss of the contractual limitations period in the Appeal Notice of Denial Determination, as required under the SPD, precluded Banner from relying on the limitations period to dismiss the action. The parties filed a joint motion for determination, which the district court granted and issued an order upholding Banner's denial of Ms. Weiss's claim. Ms. Weiss appeals from that

decision and Banner cross-appeals from the district court's denial of its motion to dismiss.

## Analysis

### A. Contractual Limitations Period

Banner contends that the district court erred in denying its motion to dismiss based on its failure to notify Ms. Weiss of the one-year contractual limitations period because the notification requirement applied only to the first level appeal and not to the external review. We interpret a plan governed by ERISA de novo. Dang v. UNUM Life Ins. Co. of Am., 175 F.3d 1186, 1189 (10th Cir. 1999).

ERISA identifies two categories of documents — the plan document, "which must specify in writing the basis on which payments are to be made under the plan," and the SPD, "which must reasonably apprise participants of their rights and obligations under the plan." Holmes v. Colo. Coal. for the Homeless Long Term Disability Plan, 762 F.3d 1195, 1199 (10th Cir. 2014). The terms contained in an SPD are not inherently enforceable. CIGNA Corp. v. Amara, 563 U.S. 421, 437 (2011). However, an SPD can be enforceable as part of the plan itself when, for example, "the SPD clearly [states] on its face that it is part of the Plan," Eugene S. v. Horizon Blue Cross Blue Shield of N.J., 663 F.3d 1124, 1131 (10th Cir. 2011), and the SPD terms to be enforced do not conflict with the Plan. Holmes, 762 F.3d at 1200.

Because ERISA does not specify a limitations period for filing suit, ERISA-governed plans often "fill[] that gap" by specifying a contractual limitations period, which is enforceable as long as it is reasonable. Heimeshoff v. Hartford Life & Accident Ins. Co., 571 U.S. 99, 102 (2013). Here, the Plan contains a one-year contractual limitations period. The SPD informs Plan participants that any written notice of decision denying an internal appeal will provide participants notice of this limitations period by explaining their right to bring a civil action within one year of receipt of the denial. The SPD also states that it is "incorporated into and part of [the Plan]," and is therefore enforceable as part of the Plan itself. See Eugene S., 663 F.3d at 1131.

Banner contends that the notice requirement applies only to decisions on internal appeals, not those reached through the external appeals process. Thus, the notice requirement does not apply to Banner's decision denying benefits after Ms. Weiss's external appeal. That may be so. However, it is ultimately beside the point because, as the district court noted and as Banner itself concedes, its notice of decision denying Ms. Weiss's internal appeal <u>also</u> did not include notice of her right to bring a civil action within a year of the decision as required under the SPD. Ms. Weiss's choice to pursue the voluntary external review process did not relieve Banner of its obligation to notify Ms. Weiss of her right to pursue a civil action within one year of the internal appeal denial. That procedural requirement is enforceable against Banner. See Holmes, 762 F.3d at 1203. The district court

5

correctly denied Banner's motion to dismiss Ms. Weiss's claim as barred by the contractual limitations period.

Banner also argues that the district court erred in applying a six-year statute of limitations to Ms. Weiss's claims. The district court relied on Held v. Mfrs. Hanover Leasing Corp., 912 F.2d 1197 (10th Cir. 1990), in concluding that the applicable statute of limitations was six years. As Banner notes, the court in Held applied New York law, rather than Colorado law, which both parties agree applies here. See id. at 1203. However, we have noted in an unpublished decision that the statute of limitations for ERISA claims is also six years under Colorado law. Lee v. Rocky Mountain UFCW Unions and Emps. Tr. Pension Plan, No. 92-1308, 1993 WL 482951, at *1 n.2 (10th Cir. Nov. 23, 1993). And even if Ms. Weiss's claims were subject to a two-year statute of limitations as Banner contends, her claim was filed within two years of the final decision on the external appeal.

### B. Denial of Benefits

Ms. Weiss challenges the district court's decision upholding Banner's denial of benefits. Where a plan grants the plan administrator discretionary authority to determine eligibility for benefits, the administrator's decision will be overturned only if it is arbitrary and capricious. Van Steen v. Life Ins. Co. of N. Am., 878 F.3d 994, 996–97 (10th Cir. 2018). We review a district court's determination of whether an ERISA benefits decision is arbitrary and capricious de novo. Id. at 996.

Ms. Weiss argues that Banner's denial was arbitrary and capricious because it was motivated by Banner's conflict of interest in serving as both the sponsor and

6

administrator of the Plan and was based on Banner's treatment of the MCG as dispositive, to the exclusion of other evidence supporting the efficacy of ACI.

A single entity's dual role as both sponsor and administrator of an ERISA-governed plan creates a conflict of interest that a reviewing court will consider as one factor in determining whether the plan administrator abused its discretion in denying benefits. Metro. Life Ins. Co. v. Glenn, 554 U.S. 105, 108 (2008). We have interpreted Glenn "to embrace a combination-of-factors method of review," in which case-specific factors are weighed together in evaluating whether the benefits decision amounts to an abuse of discretion. Graham v. Hartford Life & Accident Ins. Co., 589 F.3d 1345, 1358 (10th Cir. 2009) (quotations omitted). The weight a conflict of interest receives under this method "is proportionate to the likelihood that the conflict affected the benefits decision." Id.

Ms. Weiss argues that the severity of Banner's conflict of interest is demonstrated by its failure to notify her of the contractual limitations period and subsequent attempt to dismiss her claim based on the limitations period. She identifies no other facts that would suggest the conflict of interest is particularly likely to have affected the benefits decision. While the conflict of interest inherent in Banner's dual roles as Plan sponsor and administrator decreases the level of deference to which its decision is entitled and is one factor to consider in reviewing Banner's decision, it does not itself establish that the decision was arbitrary and capricious. See Rekstad v. U.S. Bancorp, 451 F.3d 1114, 1120 (10th Cir. 2006).

Taking the conflict of interest into account, Banner's decision was not arbitrary and capricious. The Plan states that it will consider "[a]uthoritative medical literature" in determining whether a treatment is medically necessary and grants Banner sole authority to determine a treatment is experimental or investigative based on "prevailing medical evidence." And while the Plan does not expressly identify MCG among the non-exhaustive list of sources it will consider, the MCG are used by numerous hospitals to make clinical decisions and "were written and reviewed by over 100 doctors and reference 15,000 medical sources." Norfolk Cnty. Ret. Sys. v. Cmty. Health Sys., Inc., 877 F.3d 687, 690 (6th Cir. 2017). The MCG guideline applicable to ACI concludes that evidence supporting ACI's efficacy in treating Ms. Weiss's injury "is insufficient, conflicting, or poor." This conclusion is supported by 20 citations to medical literature. Under the terms of the Plan, Banner could reasonably rely on the MCG's conclusion in exercising its discretion to determine that reliable evidence indicated that ACI was not an effective treatment of Ms. Weiss's injury.

Ms. Weiss also argues that, even if Banner appropriately considered the MCG in reaching its decision, its failure to meaningfully consider the other available evidence constitutes an abuse of discretion. However, the record demonstrates that both the internal and external reviewers considered her entire appeal applications, including medical records and the opinions of the doctors that would have approved the procedure. "The Administrator's decision need not be the only logical one nor even the best one," and "will be upheld unless it is not grounded on any reasonable

8

basis." Finley v. Hewlett-Packard Co. Emp. Benefits Org. Income Prot. Plan, 379 F.3d 1168, 1176 (10th Cir. 2004) (quoting Kimber v. Thiokol Corp., 196 F.3d 1092, 1098 (10th Cir. 1999)).  Ms. Weiss has not shown that Banner's decision lacked a reasonable basis.

**AFFIRMED.**

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT
# OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Christopher M. Wolpert
Clerk of Court

February 09, 2021

Jane K. Castro
Chief Deputy Clerk

Mr. Thomas Anselm Bulger
Silvern Law Offices, P.C.
4800 Wadsworth Boulevard
Suite 307
Wheat Ridge, CO 80033

Mr. Franz Hardy
Ms. Christine Marie Kroupa
Gordon Rees Scully Mansukhani
555 Seventeenth Street, Suite 3400
Denver, CO 80202

**RE:** **19-1384, 19-1418, Weiss v. Banner Health**
Dist/Ag docket: 1:17-CV-00443-DDD-NYW

Dear Counsel:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40(a)(1), any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 3900 words or 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. *See* Fed. R. App. P. Rules 35 and 40, and 10th Cir. R.35 and 40 for further information governing petitions for rehearing.

Please contact this office if you have questions.

                    Sincerely,

                    Christopher M. Wolpert
                    Clerk of the Court

CMW/sds